JOSEPH HERCHEK v. STATE.

No. A-808.    Opinion Filed October 9, 1911.

Appeal from Oklahoma County Court; Sam Hooker, Judge.

Joseph Herchek was convicted of violating the prohibitory law, and appeals.   Appeal dismissed.

Leer F. Wilson, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM.   Joseph Herchek was convicted in the county court of Oklahoma county on a charge of having the unlawful possession of intoxicating liquor for the purpose of illegal sale, and on the 26th day of February, 1910, was adjudged by the court to pay a fine of two hundred fifty dollars and be confined in the county jail for ninety days. On the date of judgment the court allowed, by order, sixty days to make and serve case-made, ten days for suggesting amendments, and five days within which to sign and settle.   No order was made extending the time within which to perfect the appeal in this court, and under repeated holdings it would have been necessary for the appeal to have been filed within sixty days from the date of judgment.   The appeal was filed in this court on the 25th day of June, 1910.   No order having been made extending the time within which the appeal could be taken, this court is without jurisdiction to review the same, and upon motion of the Attorney General it is hereby dismissed.

RUSSELL JACOBY v. STATE.

No. A-806.    Opinion Filed October 9, 1911.

Appeal from Ellis County Court; A. E. Williams, Judge.

Russell Jacoby was convicted on a charge of disturbing a public meeting, and appeals.   Appeal dismissed.

W. H. Springfield, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM.   Russell Jacoby was convicted in the county court of Ellis county on the 9th day of April, 1910, on a charge of disturbing a public meeting, and on the same date was adjudged by the court to pay a fine of ten dollars and costs taxed at one hundred twenty-four dollars.   He prayed an appeal and was allowed forty-five days by the court within which to make and serve case-made, ten days to suggest amendments, and five days to sign and settle.   No order was made within which to perfect the appeal in this court.   Under the statutes the appeal must be taken to this court within sixty days from the date of rendition of judgment unless the time is extended for good cause. The appeal was filed in this court on the 23rd day of June, 1910, more than sixty days after the rendition of the judgment, and under repeated holdings of this court we are without jurisdiction to review the same. On motion of the Attorney General the appeal is dismissed.